IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES THOMAS,** | ) |
| Plaintiff, | ) |
| v. | ) 2:21cv553 |
| | ) **Electronic Filing** |
| **BENSHAW, INC.** | ) |
| Defendant. | ) |

### MEMORANDUM OPINION

Plaintiff James Thomas ("plaintiff") commenced this action on April 26, 2021, against Benshaw, Inc. ("defendant"), seeking redress for alleged employment discrimination. Plaintiff brings claims at Counts I, II and III for discrimination on the basis of race, hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act, and at Counts IV, V, and VI for discrimination on the basis of race, hostile work environment, and retaliation under 42 U.S.C. Section 1981. Presently before the court is defendant's Renewed Motion for Sanctions[1] and plaintiff's "emergency motion," which the court has construed as another motion to extend the deadlines imposed by this court's most recent orders of April 5, 2024 (Doc. No. 56) and Order of April 26, 2024 (Doc. No. 60). For the reasons set forth below, defendant's motion will be granted and plaintiff's motion will be denied.[2]

---

[1] Defendant also filed a Motion for Sanctions on April 25, 2024, which is moot in light of defendant's Renewed Motion for Sanctions. See Doc. No. 59.

[2] The court received plaintiff's latest motion to extend on June 20, 2024. More than 80 days have passed since the filing of plaintiff's motion to extend and the entry of this Memorandum Order. Therefore, the court in effect has granted plaintiff an additional 80-day extension and he still has failed to comply with the court's orders. Of course, if plaintiff would have filed something during that time frame reflecting compliance with the court's orders, that would have presented different circumstances for the court's consideration.

At the time the case was filed, plaintiff was represented by Attorney Joshua P. Ward of J.P. Ward and Associates. Attorney Ward filed a Motion for Status Conference and a consent Motion for Leave to Withdraw as Counsel and Renewed Request for Status Conference on September 9, 2022, and December 2, 2022, respectively. See Doc. Nos. 33 and 34. The motion for leave to withdraw indicated that communications between Attorney Ward and plaintiff had irretrievably broken down. As a result of the deteriorating relationship, plaintiff sent Attorney Ward a text message expressing that he no longer wanted to be represented by Attorney Ward or the law firm of J.P. Ward and Associates.

On December 5, 2022, this court entered an Order granting Attorney Ward's motion for a status conference and scheduled both an in-person status conference and a hearing on the motion for leave to withdraw for December 13, 2022. See Doc. No. 35. Defense counsel was permitted to attend the status conference telephonically. See Order of Court at Doc. No. 37.

On December 13, 2022, the court held an informal, off-the-record status conference related to the issues raised in the motion for leave to withdraw. At the conclusion of the status conference, plaintiff and Attorney Ward agreed that they would attempt to resolve their differences and work together to move the case forward. Pursuant to these informal discussions, the court entered an Order reconvening the status conference for January 4, 2023. The court held the pending motion to withdraw in abeyance. See Doc. No. 38.

On January 4, 2023, the court reconvened the informal status conference with plaintiff and Attorney Ward to discuss the status of their working relationship. The parties requested additional time to continue working on a pathway forward to resolve their differences. The parties were instructed to report back to the court as things progressed.

Thereafter, on March 6, 2023, after receiving multiple *pro se* voicemails on the court's voicemail demanding a meeting with the court, the court entered an Order scheduling a hearing

2

for April 18, 2023 on plaintiff's pending motion to withdraw as counsel, which the court had previously held in abeyance. See Order of Court at Doc. No. 39. Plaintiff and plaintiff's counsel were directed to appear at the hearing in-person, while defense counsel was permitted to attend the hearing telephonically.

At the scheduled hearing, Attorney Ward's motion to withdraw as counsel was granted from the bench. On April 19, 2023, the court entered an Order formalizing its decision to grant the pending motion, and further ordered that if plaintiff intended to retain new legal counsel, he needed to have legal counsel enter his or her appearance on or before June 20, 2023. See Order of Court at Doc. No. 42.

Thereafter, between June 22, 2023, and June 20, 2024, being more than 14 months after the court's Order of April 19, 2023, plaintiff filed several *pro se* "emergency" motions to extend the deadline to retain new legal counsel. See Doc. Nos. 43, 45, 47, 51, 61, and 64. With the exception of plaintiff's most recent "emergency" motion filed on June 20, 2024, the court has granted plaintiff's previous motions requesting additional extensions to comply with its directives.

In response to plaintiff's failure to comply with his discovery obligations, defendant filed a Motion to Compel Discovery and Extend Time to Take Plaintiff's Deposition on March 22, 2024. See Doc. No. 54. On April 5, 2024, the court entered an Order granting defendant's motion to compel. See Doc. No. 56. Therein, the court ordered plaintiff to provide responses to defendant's interrogatories and requests for production, and to submit to a deposition within twenty-one (21) days from the entry of the Order. In addition, the Order cautioned that plaintiff's failure to comply with the Order could result in sanctions, including the dismissal of the action for failure to prosecute.

Plaintiff did not comply with the court's Order of April 5, 2024. Thereafter, on April 25, 2024, defendant filed a Motion for Sanctions requesting dismissal of the case. See Doc. No. 59. Defendant argued that dismissal was warranted due to plaintiff's repeated failure to comply with his discovery obligations and his ultimate failure to comply with this court's orders.

On April 26, 2024, the court entered an Order directing that on or before May 10, 2024, plaintiff shall show cause why this action should not be dismissed for failure to comply with its April 5, 2024, Order. See Doc. No. 60. On that same day, the court received another "emergency" motion to extend time by the plaintiff. See Doc. No. 61. Described therein, plaintiff blamed defendant for the lack of communication between the parties due to an incorrect email address. As the court highlighted in its Memorandum Order of April 29, 2024 addressing plaintiff's "emergency" motion, the error of plaintiff sending email correspondence to a non-working email address is not attributable to defendant. See Doc. No. 62. The documentation plaintiff provided in support thereof indicated that he had been sending emails to defense attorney Alexis Barkis via "Alexis.Barkis@quarles.co" thereby omitting the "m" instead of utilizing the correct email address ending in ".co**m**." Further, the Memorandum Order reiterated that on or before May 10, 2024, plaintiff shall (1) either comply with the court's Order of April 5, 2024, by providing responses to defendant's interrogatories and requests for production as more fully set forth therein; or (2) show cause why this action should not be dismissed for failure to comply with the Order of April 5, 2024, directing plaintiff to comply with his outstanding discovery obligations or face the imposition of sanctions, including the dismissal of the action for failure to prosecute.

Due to plaintiff's failure to comply with the court's show cause order of April 26, 2024, defendant filed a Renewed Motion for Sanctions on June 14, 2024. See Doc. No. 63.

4

Unsurprisingly, plaintiff filed another "emergency" motion to extend time on June 20, 2024.  See Doc. No. 64.

As the record reflects, this court has granted plaintiff numerous extensions to obtain new counsel and thereafter to comply with his discovery obligations.  Even though the court granted plaintiff extensions for over 14 months, plaintiff still failed to fulfill his obligations and has not done anything to move the case forward.

The United States Court of Appeals for the Third Circuit has identified a six-factor balancing test to guide a court in determining whether a case should be dismissed for failure to prosecute.  Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984).  The court must consider (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.  Id. at 868.  There is no "magic formula" or "mechanical calculation" to determine whether a case should be dismissed for failure to prosecute, Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992), and not all six factors need to weigh in favor of dismissal before dismissal is warranted.  Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).  Rather, the court must "properly consider and balance" each of the six factors based on the record.  See Hildebrand v. Allegheny County, 923 F.3d 128, 132 (3d Cir. 2019) (citing Poulis, 747 F.2d at 868).

"Dismissal with prejudice is an 'extreme' sanction" that should be employed as a "last, not first, resort."  Hildebrand, 923 F.3d at 132 (quoting Nat'l Hockey League v. Metro Hockey Club, Inc., 427 U.S. 639, 643 (1976), and Poulis, 747 F.2d at 867, 869).  A close case should "be resolved in favor of reaching a decision on the merits."  Id. (citing Adams v. Trs. of the N.J. Brewery Emps.'

Pension Tr. Fund, 29 F.3d 863, 870 (3d Cir. 1994)). Nevertheless, "[d]ismissal is a sanction rightfully in the district courts' toolbox," and the Third Circuit "has not hesitated to affirm the district court's imposition of sanctions, including dismissals in appropriate cases." Id. (citing Poulis, 747 F.2d at 867 n. 1).

The first Poulis factor requires the Court to examine the extent to which plaintiff is personally responsible for the sanctionable actions. See Adams, 29 F.3d at 873 ("[I]n determining whether dismissal is appropriate, we look to whether the party bears personal responsibility for the action or inaction which led to the dismissal."). Because Plaintiff is proceeding *pro se* at this time, he is solely responsible for his own conduct, including his failure to comply with this court's orders and directives. See, e.g., Colon v. Karnes, No. 1:11-cv-1704, 2012 WL 383666, at *3 (M.D. Pa. Feb. 6, 2012) ("Plaintiff is proceeding *pro se*, and thus is responsible for his own actions."). This case was progressing until plaintiff took over after his attorney was permitted to withdraw from the case. Accordingly, this factor supports dismissal.

The second Poulis factor assesses whether the adverse party has suffered prejudice because of the dilatory party's behavior. "Prejudice to the adversary is a particularly important factor in the Poulis analysis, and evidence of true prejudice bears substantial weight in support of a dismissal." Hildebrand, 923 F.3d at 134 (cleaned up). But "[t]he bar is not so high that a party needs to show irremediable harm for the prejudice to weigh in favor of dismissal." Id. (cleaned up). Instead, "[a]n inability to prepare a full and complete trial strategy is sufficiently prejudicial." Id. (cleaned up). For example, "[p]rejudice also includes deprivation of information through non-cooperation with discovery, and costs expended obtaining court orders to force compliance with discovery." Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund, 29 F.3d 863, 874 (3d Cir. 1994).

6

Here, the discovery deadline wasn't just missed by a few weeks or even a few months. Rather, no discovery has occurred at all. The first Case Management Order set a discovery deadline of January 24, 2022. See Case Management Order at Doc. No. 20. This discovery deadline was later extended up to March 22, 2024 in order to permit plaintiff to develop his case and move the case forward for the benefit of both parties. See Amended Case Management Order at Doc. No. 53. The court's Order of April 5, 2024, extended the deadlines by which plaintiff was to respond to defendant's interrogatories, requests for production, and date to submit to a deposition. In other words, the initial discovery deadline has been extended by approximately 820 days.[3] Despite these extensions, plaintiff has failed to respond to defendant's written discovery requests or submit to a deposition. Further, plaintiff has not issued any written discovery requests of his own or noticed any depositions. Defendant cannot effectively prepare for trial under these conditions. Therefore, this factor also weighs in favor of dismissal. See Dickens v. Danberg, 700 F. App'x 116, 118 (3d Cir. 2017) ("Second, the defendants were prejudiced because Dickens' failure to participate in discovery frustrated their ability to prepare a defense."); see also Youst v. Lukacs, No. 5:20-3287, 2022 WL 522652, at *1 (E.D. Pa. Feb. 22, 2022) (holding factor weighed in favor of dismissal where the plaintiff's "failure to provide a valid address for correspondence [containing discovery requests meant] the discovery process ha[d] stalled, and resolution of [the] case [was] indefinitely delayed").

The third factor, "history of dilatoriness," also weighs heavily against plaintiff. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." Adams, 29 F.3d at 874. But "a party's problematic acts must be evaluated in light of its behavior over the life

---

[3] While the discovery deadline was formally extended by approximately 820 days via court orders, more than 958 days have passed from the initial discovery deadline through the issuance of this Memorandum Order.

of the case." Id. at 875.  As outlined, other than requesting numerous "emergency" extensions in response to defendant's motions and/or this court's orders, plaintiff has failed to 1) comply or even meaningfully respond to this court's orders, 2) obtain new counsel or 3) move the case forward. As a *pro se* plaintiff, plaintiff has failed to engage in any discovery.  Rather, the only thing plaintiff has done is to submit motions to the court indicating he needs more time.  Thus, plaintiff has engaged in a pattern of dilatory conduct that only serves to delay resolution of this matter.

In consideration of the fourth factor, "[w]illfulness involves intentional or self-serving behavior." Adams, 29 F.3d at 874.  "Absence of reasonable excuses may suggest that the conduct was willful or in bad faith. In the face of court-imposed deadlines, repeated failure to observe court-imposed deadlines and total failure to pursue a claim beyond the pleadings may constitute willful conduct." Roman v. City of Reading, 121 F. App'x 955, 960 (3d Cir. 2005) (cleaned up). Here, there is nothing in the record to suggest that plaintiff is unable to comply with this court's orders.  Rather, the record reflects quite the opposite.  Plaintiff's numerous filings into the record requesting additional extensions of time clearly show that he is capable of responding to this court's orders and defendant's motions.  Despite these capabilities, over 500 days have passed since the court granted plaintiff's counsel's motion to withdraw from the case and plaintiff has not taken a single step to move the case forward or to ensure his compliance with the court's deadlines.  As a result, his failure to comply with the court's orders appears to be willful.

The fifth Poulis factor focuses on the effectiveness of sanctions other than dismissal.  The Court of Appeals for the Third Circuit has opined that a plaintiff's "*pro se* and IFP status, coupled with his refusal to comply with court orders (including an order to show cause), rendered lessor sanctions ineffective." Nieves v. Thorne, 790 F. App'x 355, 358 (3d Cir. 2019).  Here, plaintiff is proceeding *pro se*, but only has been doing so while he searched for alternative counsel who would be willing to take his case on a contingency basis.  He has been unable to obtain new counsel for

8

an inordinate period of time. This implies that imposing monetary sanctions will likely not move the case forward. And as discussed above, plaintiff has repeatedly refused to comply with this court's orders, including an order to show cause that was entered on April 26, 2024. See Doc. No. 60. Therefore, it is highly unlikely that entering an order imposing monetary sanctions would be effective. Furthermore, other "sanctions [are] not available because the matter [can] not proceed without [discovery]." Black v. Pa. Bd. of Prob. & Parole, 717 F. App'x 103, 105 (3d Cir. 2017). Here, there has been no discovery and this case requires additional facts and discovery to move forward in the litigation.

Regardless, the Third Circuit has found that "given [a plaintiff's] failure to [respond to a show cause order and] explain how [he] intend[s] to proceed with [his] case, there is no indication that postponing the trial [or delaying other case deadlines] constitute[s] a viable alternative to dismissal." Karpiel v. Ogg, Cordes, Murphy & Ignelzi, L.L.P., The Firm, 405 F. App'x 592, 596 (3d Cir. 2010). As indicated above, the court has already extended the initial discovery deadline in this case for over 820 days or almost 2 years and 3 months. And it has been approximately 1 year and four and a half months that plaintiff has been proceeding *pro se* and extending this court's deadlines. As a result, the court believes that it has granted more than enough time for plaintiff to seek alternative counsel and/or continue to proceed *pro se* and comply with the discovery deadlines. Additionally, the record shows that alternative solutions other than dismissal, such as further delaying case deadlines, are clearly not "a viable alternative to dismissal." Id. As such, this factor weighs heavily in favor of dismissal.

The sixth Poulis factor requires the court to evaluate the meritoriousness of the plaintiff's claims. A plaintiff's claims are deemed meritorious "when the allegations of the pleadings, if established at trial, would support recovery by plaintiff." Poulis, 747 F.2d at 869-70. However, this court is unable to evaluate the potential merits of plaintiff's claims because he has failed to

meaningfully participate in this litigation through attending depositions or engaging in the exchange of discovery. Without further inquiry and full evaluation, it is impossible at this time to determine whether plaintiff will ultimately prevail on any of his asserted claims. And at this point there is little evidence in the record to support such a proposition. Thus, this factor is neutral at best.

After a balancing of the Poulis factors, the court finds that dismissal of plaintiff's case is warranted. At least five of the six Poulis factors support dismissal, with the remaining factor, being the merit of plaintiff's claim, not being weighed against nor in favor of dismissal. However, no single Poulis factor is dispositive and not all six need to weigh in favor of dismissal for it to be warranted. See Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008); Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988). Although the court is cognizant that there is a policy in favor of deciding cases on their merits, such a policy is unable to be followed when a plaintiff refuses to participate in a lawsuit after being given numerous chances to do so. This court cannot properly run its docket, move the action forward, or properly protect the rights of the parties due to plaintiff's repeated failure to comply with the court's orders. Consequently, the extreme sanction of dismissal is supported by the Poulis factors.

For the reasons set forth above, this action will be dismissed due to plaintiff's failure to prosecute. Accordingly, defendant's Renewed Motion for Sanctions will be granted and plaintiff's latest motion to extend will be denied as moot.

Date: September 12, 2024

    s/David Stewart Cercone
    David Stewart Cercone
    Senior United States District Judge

cc: Alexis M. Barkis, Esquire
Otto W. Immel, Esquire

(*Via CM/ECF Electronic Mail*)

James Thomas
243 Calmar Drive
Verona, PA 15147

*(Via United States Postal Service Mail)*